Filed 3/27/23  P. v. Woolen CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B324099 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA070163) |
| v. | |
| MICHAEL SHABOYA WOOLEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Affirmed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

## MEMORANDUM OPINION[1]

### I

On May 24, 2003, defendant and appellant Michael Shaboya Woolen was walking with his cousin. The two men had a brief conversation during which Woolen told his cousin that he needed him to do something for him. His cousin replied that he would not do anything that would violate his morals. Woolen then shot his cousin in the head; the cousin survived.

An August 12, 2003, information charged Woolen with attempted willful, deliberate, premeditated murder (Pen. Code,[2] §§ 187, subd. (a), 664,) and alleged he personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)). It further alleged that he had a serious prior felony conviction within the meaning of sections 667, subdivision (b) and 1170.12 and that he had served four prior prison terms within the meaning of section 667.5, subdivision (b). A jury convicted Woolen of attempted willful, deliberate, premeditated murder and found true the firearm enhancement. At a court trial on the prior conviction allegations, the court found that Woolen had served three prior prison terms. The court sentenced him to life in prison for attempted murder, plus 25 years to life for the firearm enhancement, and three years for the section 667.5, subdivision (b) prior prison terms.

---

[1] We resolve this case by memorandum opinion because it "is determined by a controlling statute which is not challenged for unconstitutionality and does not present any substantial question of interpretation or application." (Cal. Stds. Jud. Amin., § 8.1(1).)

[2] Unless otherwise specified, subsequent statutory references are to the Penal Code.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) which "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) The legislation also enacted former section 1170.95[3] which provided a mechanism for defendants previously convicted of murder, but who could not be convicted of murder under the law as amended, to petition for the court to vacate their convictions and resentence them. In 2021, the Legislature enacted Senate Bill No. 775 (2021-2022 Reg. Sess.) which, among other changes, extended the application of then-section 1170.95 to defendants convicted of attempted murder under the natural and probable consequences doctrine.

On February 15, 2022, pursuant to section 1171.1, the trial court struck the three one-year priors and resentenced Woolen.

On February 15, 2022, Woolen filed a petition seeking further resentencing pursuant to former section 1170.95. The petition alleged trial errors, that Woolen suffered from mental illness at the time of the crime, and that his attempted murder conviction was based on malice that had been imputed to him. Appellant attached a jury note and answer, psychiatric reports, an investigator's report, minute order summaries, and excerpts from the trial transcripts to his petition.

The court appointed counsel for Woolen and ordered the prosecution to file a response. In its response, the District Attorney argued that the trial court had not instructed the jury

_____

[3] The Legislature subsequently renumbered this as section 1172.6, with no change in the text of the statute (Stats. 2022, ch. 58, § 10, eff. June 30, 2022).

on the natural and probable consequences doctrine or aiding and abetting. The response attached the direct appeal opinion (*People v. Woolen* (Jan. 31, 2005, B173587) [nonpub. opn.]) and the jury instructions from Woolen's trial. Woolen's counsel filed a reply brief, arguing the petition established a prima facie case.

On August 26, 2022, the trial court denied Woolen's petition. The court noted that the record of conviction established Woolen had not been convicted on any theory that imputed someone else's malice to him. Timely notice of appeal was filed on September 6, 2022.

We appointed counsel to represent Woolen on appeal. Woolen's attorney filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. In *Delgadillo*, the Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit. In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id*. at pp. 231-232.) If the defendant does not file a supplemental brief, we "may dismiss the appeal as abandoned." (*Id*. at p. 232.) In that instance, we do "not need to write an opinion but should notify the defendant when [we] dismiss[ ] the matter." (*Ibid*.) Because a defendant who has been denied postconviction relief has no constitutional right to an appeal, we are not required to conduct an independent review of

the record before dismissing the appeal, but we may conduct such a review at our discretion. (*Id.* at pp. 227-228, 232.)

If the defendant does file a supplemental brief or letter, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*People v. Delgadillo, supra,* 14 Cal.5th at p. 232.)

We followed the procedure outlined above and, on February 22, 2023, sent Woolen a letter notifying him of the no-merits brief and informing him that he had 30 days to file a supplemental brief. Two days later, we received a copy of a document from Woolen titled "Motion to Compel Pursuant to [Assembly Bill No.] 2542,"[4] which we treat as Woolen's supplemental brief.

## II

In his supplemental brief, Woolen makes several contentions, only two of which relate to the denial of his section 1172.6 petition for resentencing. First, Woolen claims he

---

[4] Section 745 (California Racial Justice Act of 2020), enacted pursuant to Assembly Bill No. 2542 (2019-2020 Reg. Sess.) and amended by Assembly Bill No. 256 (2021-2022 Reg. Sess.), applies to nonfinal judgments, to matters in which the defendant was sentenced to death, and to matters involving "immigration consequences related to the conviction or sentence." (See § 745, subd. (j)(2).) Woolen's conviction became final in 2005; he was not sentenced to death; and there is no indication his case concerns immigration issues. Thus, even if Woolen had presented argument pursuant to Assembly Bill No. 2542 in the trial court, he is not entitled to relief thereunder.

"should'nt [*sic*] have the burden of proving who committed the crime, pursuant to [former section] 1170.95[, subdivision] (d)(3)." Second, Woolen appears to suggest he was not provided counsel (or perhaps, adequate counsel) or the opportunity to file a reply brief.

Woolen's arguments lack merit. Under section 1172.6, a petitioner must first make a prima facie showing of eligibility for relief, including that the petitioner was convicted of murder under the felony-murder rule or the natural and probable consequences doctrine and currently could not be convicted of first or second degree murder as a result of amendments to sections 188 and 189 pursuant to Senate Bill No. 1437. (§ 1172.6, subd. (a); former § 1170.95, subd. (a).) Only if the petitioner makes such a showing must the trial court issue an order to show cause and hold an evidentiary hearing at which the burden is on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. (§ 1172.6, subds. (c), (d); former § 1170.95, subds. (c), (d).)

Although Woolen's counsel argued to the trial court that Woolen made a prima facie case, the record of conviction, including the information and the abstract of judgment, refuted the allegation that Woolen was convicted under a felony murder or natural and probable consequences theory.[5] Accordingly, the

---

[5] "[A] trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*People v. Lewis, supra*, 11 Cal.5th at p. 972.) At the prima facie stage, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual

trial court did not require Woolen to carry the burden of proof under section 1172.6, subdivision (d)(3). Rather, because Woolen failed to make the prima facie showing required under section 1172.6, subdivision (a), the court properly disposed of the matter prior to the burden shifting to the prosecution under subdivision (d).

Contrary to Woolen's claim, the record also demonstrates the trial court appointed counsel for Woolen and that his counsel filed a reply to the government's response to his petition. To the extent Woolen is arguing ineffective assistance of counsel, "our Supreme Court has steadfastly held that 'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings." (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1032.)

---

allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citations.]" (*Id*. at p. 971.)

## DISPOSITION

The trial court's order denying Woolen's former section 1170.95 petition for resentencing is affirmed.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



CHANEY, J.